UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOE L. SCANDRICK JR.,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-287

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 8), Plaintiff's reply (doc. 11), the administrative record (doc. 5), and the record as a whole.[3]

**I.**

Plaintiff filed an application for SSI and DIB asserting disability as of March 1, 2011 on account of a number of impairments including, *inter alia,* peripheral neuropathy in his arms and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

legs, obesity, degenerative disc disease in his lumbar spine, diabetes mellitus, depression and social phobia. PageID 51.

After initial denial of his applications, Plaintiff received a hearing before ALJ Deanna L. Sokolski on September 30, 2014. PageID 61-99. On December 15, 2015, the ALJ issued a written decision finding Plaintiff disabled as of her alleged onset date, March 1, 2011. PageID 44-67. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work, "there are no jobs that exist in significant numbers in the national economy that the claimant can perform[.]" PageID 53-59. With regard to the number of jobs existing in the national economy, the ALJ relied on the testimony of a vocational expert ("VE") who identified 56,713 jobs that Plaintiff could perform -- a number the ALJ found was not significant. PageID 60.

On February 11, 2016, the Appeals Council advised Plaintiff that it would review the ALJ's decision. PageID 30. On May 5, 2016, the Appeals Council issued a decision reversing the ALJ's disability finding. PageID 282-87. Although the Appeals Council agreed with the ALJ's RFC assessment, it disagreed with the conclusion that there was not a significant number of jobs available in the national economy that Plaintiff could perform based upon his RFC. PageID 41. Accordingly, the Appeal Council found Plaintiff not disabled. PageID 42.

The Appeals Council's decision was the final decision of the Commissioner. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal"). The Appeals Council's decision is now before the Court for review.

**II.**

**A.    Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the non-disability finding is supported by substantial evidence, and (2) whether the correct legal criteria was applied. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which to find Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

The second judicial inquiry -- reviewing the correctness of the underlying legal analysis -- may result in reversal even if the non-disability decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.    "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff argues that the Appeals Council: (1) erred by finding the RFC determined by the ALJ was supported by substantial evidence; (2) wrongly determined that there were a significant number of jobs in the national economy the Plaintiff could perform; and (3) was required to remand the case to the ALJ for further proceedings as opposed to making a non-disability finding on its own. Finding Plaintiff's first alleged error to be well-taken, the

undersigned does not address the merits of Plaintiff's remaining three claims.

At the administrative hearing on September 30, 2014, Plaintiff testified that, as a result of neuropathy, he is limited in his ability to grasp items with his hands. PageID 82. Specifically, Plaintiff testified that he "drop[s] everything when [he] grabs something" and can only grab things with two fingers because of the numbness he experiences in his hands. *Id*. Plaintiff testified that he drops "food, [his] pills" and his keys. *Id*. While it is easier to lift larger items than small items, Plaintiff further testified that lifting anything over five pounds hurts his wrists. *Id*. Plaintiff also testified that he suffers from "[n]umbness, tingling, shooting pains" and burning in his feet to such a degree that he has "to keep [his] feet elevated" eight to nine hours per day. PageID 83-84.

In her decision, the ALJ acknowledged Plaintiff's testimony concerning the severity of symptoms caused by neuropathy in his hands and feet. PageID 53. The ALJ believed Plaintiff's testimony concerning the severity of his symptoms and, in fact, noted multiple factors that actually enhanced his credibility -- namely, his lengthy 17 year work history; his consistent reports of pain (including his obvious distress and/or pain during the administrative hearing); and the consistency of his alleged symptoms with the medical evidence. PageID 54.

With regard to the medical evidence of record, however, the ALJ omitted reference to more recent objective tests and clinical findings of record lending further support to Plaintiff's allegations of disabling neuropathy -- namely, (1) August 24, 2014 examination findings revealing positive Tinel's and Phalen's signs consistent with tingling of the fingers and numbness caused by damaged nerves; and (2) August 24, 2014 EMG findings revealing "moderately severe peripheral neuropathy and sensory distal axonal neuropathy" in Plaintiff's lower extremities, as well as "bilateral median nerve entrapment neuropathy across the wrist with

5

axonal loss along the bilateral abductor pollicis brevis." PageID 601. The only opinions of record offered after these August 2014 findings are from treaters Morris Brown, M.D. and Tanisha Richmond, D.P.M., both of whom concluded that Plaintiff was unable to perform even sedentary work. *See* PageID 684, 734.

Although the ALJ found Plaintiff's testimony concerning the limiting effects of his neuropathy credible, and the most recent objective evidence of record further supports such testimony, there is no explanation regarding: (1) the inconsistent findings of the ALJ and the Appeals Council that Plaintiff is able to frequently handle and finger with his upper extremities; and (2) the lack of any accommodation by the ALJ or the Appeals Council for Plaintiff's need to elevate his feet for significant periods each day. The inconsistency and lack of explanation in this regard amounts to a lack of substantial evidence supporting the RFC finding and the hypothetical question(s) posed to the VE. As a result, the underlying non-disability finding should be reversed.

### IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

6

Here, while evidence of disability appears overwhelming, further factual issues must be resolved -- such as Plaintiff's RFC with appropriate limitations to accommodate neuropathy in his hands and feet; and whether or not sufficient jobs exist in the national economy that he can perform. Accordingly, a Sentence Four remand for further proceedings is necessary.

## V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.


Date:  August 14, 2017                           s/ Michael J. Newman
                                                 Michael J. Newman
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).