UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOE L. SCANDRICK, JR.,

    Plaintiff,                      Case No. 3:16-cv-287

vs.

COMMISSIONER OF                District Judge Walter H. Rice
SOCIAL SECURITY,                Magistrate Judge Michael J. Newman

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE MOTION BY PLAINTIFF'S COUNSEL, FOR AN AWARD OF ATTORNEY'S FEES (DOC. 18), BE GRANTED; (2) ATTORNEY'S FEES, PURSUANT TO 42 U.S.C. § 406(b), IN THE AMOUNT OF $12,000.00 BE AWARDED; (3) PLAINTIFF'S COUNSEL BE DIRECTED TO REFUND TO PLAINTIFF, WITHIN FOURTEEN DAYS, THE EAJA FEE PREVIOUSLY AWARDED TO COUNSEL; AND (4) THIS CASE REMAIN TERMINATED ON THE COURT'S DOCKET**

On August 29, 2017, Judge Rice reversed the Commissioner's non-disability finding and remanded this case to the Commissioner of Social Security for further proceedings. Doc. 13. Subsequently, Plaintiff received an award of benefits under the Social Security Act. *See* doc. 18 at PageID 884-891. Thereafter, counsel sought, and was awarded in this Court, attorney's fees in the amount of $3,400.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docs. 15, 16, 17. Plaintiff's counsel now moves for an award of attorney's fees in the amount of $12,000.00 under 42 U.S.C. § 406(b)[2]. Doc. 18. Counsel's motion is unopposed and now ripe for decision. *See* doc. 19.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] 42 U.S.C. § 406(b) permits an award of attorney's fees for successful DIB claims under Title II of the Social Security Act. SSI benefits are awardable pursuant to Title XVI of the Social Security Act, which incorporates 42 U.S.C. § 406(b) by reference, and likewise permits an award of attorney's fees for successful SSI claims. *See* 42 U.S.C. § 1383(d)(2); *Napier v. Comm'r of Soc. Sec.*, 190 F. App'x 458, 459-60 (6th Cir. 2006). The same analysis applies in deciding motions for attorney's fees under both statutes. *See id.*

1

## I.

In Supplemental Security Income ("SSI") and/or Disability Insurance Benefit ("DIB") cases, the Court is authorized to award attorney's fees following a successful Social Security disability appeal. *See* 42 U.S.C. §§ 402(b)(1), 1383(d)(2). However, such contingency fees (1) may not exceed 25% of the past-due benefits which the claimant receives as a result of an appeal, and (2) must additionally be reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Plaintiff's counsel represents working a total of 28.75 hours before this Court. Doc. 18 at 877-80.  Counsel's requested fee of $12,000.00,[3] divided by the 28.75 hours spent working on the case, results in a hypothetical hourly rate of $417.39, an hourly rate that is -- without dispute and based upon the materials submitted in support of Plaintiff's motion -- reasonable in light of the skill and experience of counsel.  *Id.* at PageID 875-77.

## II.

Accordingly, it is **RECOMMENDED THAT**: (1) the unopposed motion by Plaintiff's counsel, for attorney's fees under § 406(b) (doc. 18), be **GRANTED**; (2) Plaintiff's counsel be **AWARDED** the requested sum of $12,000.00 in attorney's fees; (3) Plaintiff's counsel be **ORDERED** to reimburse Plaintiff, within **FOURTEEN DAYS**, the EAJA fee previously awarded to counsel; and (4) this case remain **TERMINATED** on the Court's docket.


Date:  9/23/2020                             s/Michael J. Newman
                                             Michael J. Newman
                                             United States Magistrate Judge

---

[3] The requested fee of $12,000.00 was calculated as follows: Plaintiff was awarded $226,808.00 in past due benefits, and had previously received critical payments totaling $116,755.60 that must now be repaid to the Social Security Administration. Doc. 18 at PageID 885-87. Subtracting Plaintiff's past due benefits from the payments he must repay leaves $110,052.40. Twenty-five percent of that sum is $27,513.10. Counsel has requested a fee -- that is not before this Court for review -- of $15,000.00 from the Commissioner under 42 U.S.C. § 406(a) for work performed at the administrative level on behalf of Plaintiff. *Id.* at PageID 876. Subtracting that sum from the $27,513.10 leaves $12,513.10. The fee sought here by Plaintiff's counsel, *i.e.*, $12,000.000, is less than that amount.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).